## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| JACK HENRY & ASSOCIATES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 6:19-cv-00682 |
| | ) |
| LIGHTHOUSE CONSULTING GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT OF
## PATENT NONINFRINGEMENT AND INVALIDITY

Plaintiff Jack Henry & Associates, Inc. (Jack Henry) files this complaint for declaratory judgment against Defendant Lighthouse Consulting Group, LLC (Lighthouse) as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment that United States Patent Nos. 8,590,940 (the '940 Patent) and 7,950,698 (the '698 patent) (reissued as RE 44,274) (collectively, the patents-in-suit) are not infringed by Jack Henry and are invalid.

2. Lighthouse is the assignee of the patents-in-suit. A copy of the '940 patent is submitted herewith as Exhibit A. A copy of the '698 patent is submitted herewith as Exhibit B.

## THE PARTIES

3. Jack Henry is a Delaware corporation having a principal place of business in Missouri. Jack Henry has customers located within this judicial district.

4. Lighthouse is a limited liability company having a principal place of business in Wenham, Massachusetts.

1

## JURISDICTION AND VENUE

5.      This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States, 35 U.S.C. §§ 1-390.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as Lighthouse has accused Jack Henry products ("Accused Jack Henry Products") of infringing the patents-in-suit in this District, including the use of Accused Jack Henry Products by Jack Henry's customers.

7.      The Accused Jack Henry Products are sold or licensed to Jack Henry's customers in this District.  Jack Henry has agreed to indemnify and defend its customers for claims of patent infringement related to their use of the Accused Jack Henry Products, including claims brought by Lighthouse in this District.

8.      Lighthouse has submitted to personal jurisdiction in this District by bringing lawsuits alleging infringement of the patents-in-suit in this District, including litigation against at least one of Jack Henry's customers.  Further, upon information and belief, Lighthouse has solicited and/or received licenses to the patents-in-suit and other Lighthouse patents from companies located within this District.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## STATEMENT OF FACTS

10.     A real and immediate controversy exists between Jack Henry and Lighthouse concerning Lighthouse's allegations that the Accused Jack Henry Products infringe the patents-in-suit.

11.     Lighthouse alleges that the Accused Jack Henry Products infringe at least one claim of the patents-in-suit.  Specifically, on October 21, 2019, Lighthouse filed the patent

infringement action styled *Lighthouse Consulting Group, LLC v. Ally Financial, Inc.*, No. 6:19-cv-00592 in this District.  In this suit, Lighthouse accuses Ally Financial, Inc. (Ally) of infringing the patents-in-suit.  The products Lighthouse accuses of infringement with respect to Ally are Accused Jack Henry Products.

12. Additionally, on July 7, 2019 Lighthouse sent a letter to Legend Bank, N.A. (Legend Bank) alleging that Legend Bank infringes one or more claims of each of the patents-in-suit.  A copy of this letter is submitted herewith as Exhibit C.  The products accused of infringement in the letter are Accused Jack Henry Products.  Jack Henry has a contractual duty to indemnify and defend Legend Bank for Lighthouse's claims involving Accused Jack Henry Products.

13. Upon information and belief, Legend Bank has customers in this District who use the Accused Jack Henry Products.

14. On July 12, 2019 Lighthouse sent a letter to Extraco Banks, N.A. (Extraco Banks) in Temple, Texas alleging infringement of one or more claims of each of the patents-in-suit.  A copy of this letter is submitted herewith as Exhibit D.  The products accused of infringement in the letter are Accused Jack Henry Products.  Jack Henry has a contractual duty to indemnify and defend Extraco Banks for Lighthouse's claims involving Accused Jack Henry Products.

15. Extraco Banks has physical locations within this District and also has customers within this District who use the Accused Jack Henry Products.

16. On July 22, 2019 Lighthouse sent a letter to The Moody National Bank (Moody National) alleging that Moody National infringes one or more claims of each of the patents-in-suit.  A copy of this letter is submitted herewith as Exhibit E.  The products accused of infringement in the letter are Accused Jack Henry Products.  Jack Henry has a contractual duty to

indemnify and defend Moody National for Lighthouse's claims involving Accused Jack Henry Products.

17. Moody National has physical locations within this District and also has customers within this District who use the Accused Jack Henry Products.

18. Upon information and belief, Lighthouse has solicited licenses and/or entered into licenses with financial institutions or other businesses located within this District and/or that have customers who use Accused Jack Henry Products in this District.

## COUNT I
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT)

19. Jack Henry incorporates the previous allegations by reference as if fully set forth.

20. Lighthouse has alleged and contends that the Accused Jack Henry Products infringe one or more claims of the patents-in-suit.

21. Jack Henry has not and does not make, use, offer to sell, sell, or import any product which infringes any valid claim of the patents-in-suit either directly or through the doctrine of equivalents.

22. Jack Henry has not and does not induce or contribute to the alleged infringement of the patents-in-suit.

23. As a result of Lighthouse's allegations that Accused Jack Henry Products infringe the patents-in-suit, an actual and justiciable controversy exists between Lighthouse and Jack Henry regarding Jack Henry's noninfringement of the patents-in-suit. Absent a declaration of noninfringement, Lighthouse will continue to wrongfully assert the patents-in-suit against Jack Henry and/or Jack Henry's customers and licensees, and thereby cause Jack Henry irreparable injury and damages.

24. Therefore, Jack Henry is entitled to a judgment from this Court declaring that the Accused Jack Henry Products do not infringe any valid claim of the patents-in-suit.

## COUNT II
## (DECLARATORY JUDGMENT OF INVALIDITY)

25. Jack Henry incorporates the previous allegations by reference as if fully set forth.

26. The claims of the patents-in-suit are invalid because they fail to satisfy the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112, and/or 120, and/or based on other judicially-created bases for invalidation.

27. The claims of the patents-in-suit are invalid under 35 U.S.C. § 101 because the claimed inventions utilize conventional components in their normal and expected manner to perform the abstract idea of capturing and transmitting data for deposit processing.

28. The claims of the patents-in-suit are invalid as anticipated by the prior art because one or more elements of the claimed inventions was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicants, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application.

29. The claims of the patents-in-suit are invalid as obvious in view of the prior art because any differences between the claims and the prior art are such that the claimed subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the relevant art. A person having ordinary skill in the relevant art would have had reason to combine the teachings of the prior art to achieve the claimed inventions and would have had a reasonable expectation of success in doing so.

30. The patents-in-suit do not contain a written description of the claimed inventions, and of the manner and process of making and using them, in such full, clear, concise, and exact terms as to enable a person of ordinary skill in the art to which they pertain, or with which they are most nearly connected, to make and use them.

31. The patents-in-suit do not contain a written description of the claimed inventions, and of the manner and process of making and using them, in such full, clear, concise, and exact terms as to demonstrate to a person of ordinary skill in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

32. One or more claims of the patents-in-suit do not particularly point out and distinctly claim the subject matter which the inventors regard as the invention.

33. As a result of Lighthouse's allegations that Accused Jack Henry Products infringe the patents-in-suit, an actual and justiciable controversy exists between Lighthouse and Jack Henry regarding the validity of the patents-in-suit. Absent a declaration of invalidity, Lighthouse will continue to wrongfully assert the patents-in-suit against Jack Henry and/or Jack Henry's customers and licensees, and thereby cause Jack Henry irreparable injury and damages.

34. Therefore, Jack Henry is entitled to a judgment from this Court declaring that the patents-in-suit are invalid.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Jack Henry demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

Wherefore, Jack Henry prays as follows:

a.for a declaratory judgment that the Accused Jack Henry Products have not and do not infringe any valid claim of the patents-in-suit;

b.for a declaratory judgment that the patents-in-suit are invalid and/or unenforceable;

c.for a determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

d.for an order and judgment awarding costs and attorneys' fees to Jack Henry; and

e.for all other relief to which it may be entitled.

Dated:  December 2, 2019.                    Respectfully submitted,

By: */s/Jason A. Wietjes*
　　Jason A. Wietjes
　　Texas Bar No. 24042154
　　jwietjes@polsinelli.com

　　POLSINELLI PC
　　2950 N. Harwood St., Ste. 2100
　　Dallas, TX 75201
　　Telephone:  (214) 661-5519
　　Facsimile:  (214) 594-5540

　　Jay E. Heidrick
　　(application for *pro hac vice* forthcoming)
　　Kansas Bar No. 20770
　　Missouri Bar No. 54699
　　jheidrick@polsinelli.com

　　POLSINELLI PC
　　900 W. 48th Place
　　Kansas City, MO 64112
　　Telephone:  (816) 753-1000
　　Facsimile:  (816) 753-1356

　　*Counsel for Plaintiff Jack Henry & Associates, Inc.*